IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY JAMES HORTON,<br><br>Defendant. | **4:15CR3022**<br><br>**MEMORANUM AND ORDER** |

This matter is before the Court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Defendant Anthony James Horton, who is proceeding *pro se* in this matter.[1] (Filing No. 49.) For the reasons explained below, Defendant's § 2255 Motion will be denied.

## BACKGROUND

On July 31, 2015, Defendant pled guilty to production of child pornography. (Filing No. 26.) Under the terms of his Plea Agreement (Filing No. 29), Defendant waived his right to appeal and waived his right to contest his conviction and sentence in any post-conviction proceedings, with limited exceptions. Defendant was sentenced to a term of 336 months incarceration and 10 years of supervised release. (Filing No. 37.) Judgment was entered on October 22, 2015. (Filing

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

No. 42.) Defendant did not file an appeal. Defendant filed the instant §2255 Motion over ten years later, on July 27, 2026.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may ask the sentencing court to "vacate, set aside or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Generally, a motion under § 2255 motion be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). However, a defendant may also file a § 2255 motion within 1 year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Defendant's § 2255 Motion sets out two grounds for relief. In each, he contends he is entitled to relief based on new Supreme Court cases. However, Defendant's § 2255 Motion does not identify any Supreme Court case by name or citation. The § 2255 Motion only lists "January 13, 2026" and "January 2026" as dates of decision. The § 2255 Motion also does not explain how any new Supreme Court case entitles him to relief.

As ground one of his § 2255 Motion, Defendant cites "*United States v. Griffin*, No. 24-8070 10th Circuit Jan. 13th, 2026," and—as his factual basis for relief—asserts that his criminal background in Colorado was improperly used to enhance his sentence. (Filing No. 49.) In *Griffin*, the Tenth Circuit Court of Appeals determined that a defendant's prior conviction under a California statute that criminalized the possession of images depicting minors "personally engaging in or simulating sexual conduct" was not a conviction relating to possession of child pornography, as would trigger a 10-year mandatory minimum sentence. *See United States v. Griffin*, 164 F.4th 782 (10th Cir. 2026).

As ground two of his § 2255 Motion, Defendant identifies a recent case from the Third Circuit Court of Appeals as "*United States v. Schuster*, No. 24-2942 3[rd] Cir. January 14, 2026," and asserts that he "feel[s] that evidence used does not fulfil statute for [his] guilty plea." (Filing No. 49.) In *Schuster*, the Third Circuit Court of Appeals determined that the district court erred by accepting a defendant's guilty plea to charges under the Procurement Integrity Act because there was an insufficient factual basis to support the conviction. *United States v. Schuster*, 165 F.4th 765 (3d Cir. 2026), *reh'g granted and opinion vacated*, 170 F.4th 118 (3d Cir. 2026).

Defendant understands that without a retroactively appliable, newly recognized right by the Supreme Court, his § 2255 Motion would be untimely. Under the "Timeliness of Motion" section of his § 2255 Motion, Defendant states "My motion comes after new Supreme Court rulings in January of 2026 that do apply to my case." (Filing No. 49.) Based on the grounds for relief set out in Defendant's § 2255 Motion, the Court surmises that Defendant believes *Griffin* and *Schuster* were decided by the Supreme Court. Defendant is mistaken. *Griffen* and *Schuster* are not binding on this Court and do not supply any newly recognized rights made retroactively applicable on collateral review. Therefore, Defendant's § 2255 Motion is untimely and will be dismissed.

A movant may not appeal an order denying a motion under § 2255 unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." *Id.* To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Defendant has failed to make a substantial showing of the denial of a constitutional right. Reasonable jurists would not find the Court's decision debatable. The Court is not persuaded that

a court could resolve the issues differently, or that further proceedings are warranted. Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 49) is denied.
2. A separate judgment will be entered.
3. The Court will not issue a certificate of appealability.
4. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 6th day of August, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge